UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES CLAYTON                                                  PLAINTIFF

v.                                            CIVIL ACTION NO. 3:09CV-P265-S

RAYMOND MORILLO et al.                                    DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Charles Clayton, filed a *pro se*, *in forma pauperis* complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971) (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[1] For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, a military prisoner, sues in their individual and official capacities the following officers at the Fort Knox Regional Corrections Facility: Master Sergeant Raymond L. Morillo, Captain Christine A. Lancia, and Major General Donald M. Campbell. He states that Defendant Morillo denied his due process rights by denying him a fair hearing on March 19 and April 2, 2008, when, as president of a prison Discipline and Adjustment (D & A) Board, he denied Plaintiff the right to present evidence, to present witnesses, to question his accusers, to have an impartial panel, and to be informed of evidence against him. Plaintiff asserts that Defendant Lancia violated his due process rights by approving the D & A Board's composition in which

---

[1] Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to screen his complaint before service on Defendants. *Id.*

Defendant Morillo, the Board president, was the investigator and witness. He further alleges that Defendant Lancia conspired with Defendant Morillo to deny Plaintiff the right to appeal. He also asserts that Defendant Lancia deprived him of the right to air grievances under U.S. Army regulations by refusing to meet with him under her published open door policy.

Plaintiff alleges that Defendant Campbell denied his due process rights when he investigated allegations by the Plaintiff and found that Plaintiff had an appeal process but failed to correct the violations of due process or of the appeals process. As relief, Plaintiff wants monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's

constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself"). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Therefore, the Court will dismiss the official-capacity claims against Defendants.

Plaintiff's complaint does not explain what punishment he received as a result of the D & A Board hearings. However, Plaintiff brought a 28 U.S.C. § 2241 habeas petition regarding the March 19, 2008, disciplinary proceedings in another case in this Court, *Charles Clayton v. Christine A. Lancia*, No. 3:09-CV-81-H.[2] According to documents submitted by Respondent in that habeas action, the discipline that Plaintiff received as a result of the March 19, 2008, D & A Board hearing was 14 days of extra duty, reduction to medium custody, a change in work detail, and the loss of 20 days of good conduct time. The Fourteenth Amendment's Due Process Clause protects against deprivations of life, liberty, or property without due process of law. U.S. Const. Amend. XIV; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give

---

[2] He also sought habeas relief for two other disciplinary proceedings in the spring of 2008. It is not clear whether the April 2, 2008, hearing he refers to in the instant action was one of the disciplinary actions for which he requested habeas relief. Plaintiff was not given habeas relief.

3

rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Id.* at 478. The imposition of extra days of additional duty is not an "atypical and significant hardship," and Plaintiff had no due process right mandating that prison officials interview witnesses or conduct a hearing before that punishment was imposed. *See id.* at 484; *see also Smith v. DeBryun*, Nos. 94-3286, 95-2090 and 95-259191, 1996 WL 407258, at *4 (7th Cir. Jul. 18, 1996) (sanction of extra duty less significant than a disciplinary sanction and does not infringe a liberty interest); *Pigott v. Corr. Corp. of Am.*, No. 07-2003, 2008 WL 3244001, at *3 (D. Minn. Aug. 06, 2008) ("extra work duty did not impose the requisite 'atypical and significant hardship'"); *Mayes v. Hickson*, No. H-03-4964, 2006 WL 3030671, at *2 (S.D. Tex. Oct. 23, 2006) ("[E]xtra work assignments . . . are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life."). A change in Plaintiff's custody status and his prison job wholly fails to describe any condition that "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729 (W.D. Tenn. 1999). Therefore, to the extent that Plaintiff is asserting constitutional violations relating to these type of punishments, he fails to state a claim.

In any event, Plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

4

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* at 484 (citation omitted). While *Heck* concerned an action brought under 42 U.S.C. § 1983, the Sixth Circuit has held that the *Heck* holding applies equally to an action brought under *Bivens*. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998).

It is clear that the D & A Board ruled against Plaintiff in the two disciplinary hearings about which he complains in the instant action. Thus, in the present case, if this Court were to find for Plaintiff such a finding would necessarily render his convictions by the D & A Board invalid. "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." *Heck*, 512 U.S. at 486. There is no evidence that Plaintiff's convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Because success on the instant *Bivens* action would imply the invalidity of the D & A Board actions, Plaintiff's instant action is not cognizable. *See Ricks v. Holder*, 85

F. App'x. 370 (5th Cir. 2003) (per curiam) (court affirmed district court's dismissal of *Bivens*

action brought by military prisoner based on *Heck* bar).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint

for failure to state a claim.

Date: December 1, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
4411.009