# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| CHARLES CLAYTON | PLAINTIFF |
| v. | CIVIL ACTION NO. 3:09CV-P265-S |
| RAYMOND MORILLO et al. | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

On December 2, 2009, on initial review of this complaint, the Court dismissed for failure to state a claim because to the extent that Plaintiff was asserting constitutional violations relating to the type of punishments he received after a Discipline and Adjustment Board proceeding, he failed to state a claim, and because in any event, Plaintiff's complaint failed to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

On December 14, 2009, Plaintiff filed a notice of appeal. On January 4, 2010, Plaintiff filed a motion for reconsideration (DN 9). He asserts in that motion that he wishes the Court to consider two undisputed facts, *i.e.*, that Defendant Morillo denied Plaintiff the right to a reasonably available witness and denied Plaintiff exculpatory evidence. Although Plaintiff does not cite under what Federal Rule he brings this motion, the Court considers it to be one under Rule 59(e). Motions denominated as motions for reconsideration are customarily treated as motions under Rule 59(e). *See Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Moreover, this motion, filed within the 28-day period allowed for under Fed. R. Civ. P. 59, as recently amended, is timely.[1]

---

[1] Before an amendment effective on December 1, 2009, the time limit was ten days.

Ordinarily, Plaintiff's timely notice of appeal would divest this Court of jurisdiction. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). However, once Plaintiff filed his timely Rule 59 motion, the underlying judgment lost its finality, and this Court may rule on the Rule 59 motion. *See Stone v. I.N.S.*, 514 U.S. 386, 402-03 (1995); *see also Daly v. United States*, 109 F. App'x 210, 212 (10th Cir. 2004).

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions allow district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("internal quotation marks and citation omitted). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Accordingly, "[a] motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, shall be denied." *Savage v. United States*, 102 F. App'x 20, 23 (6th Cir. 2004) (internal quotation marks and citation

omitted). In his motion for reconsideration, Plaintiff merely attempts to rehash the arguments he raised in his complaint. Accordingly, the Court **DENIES** the motion (DN 9).

Date: February 11, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4411.009